PIERCE, Justice,
Concurring in part and Dissenting in Part:
¶ 68. This Court has said, “[a]n attorney must deal with the client in a manner of ‘utmost honesty, good faith, fairness, integrity, and fidelity....’” Tyson v. Moore, 613 So.2d 817, 823 (Miss.1992) (quoting 7A C.J.S. Attorney & Client § 234 (1980)) (emphasis added). Therefore, I cannot agree with the majority on the issue of whether the adulterous affair between Reed and Rebecca constituted a breach of the fiduciary duty Reed owed to Sam as his attorney. The majority finds that “[n]o material facts have been presented to support that the subject affair was in any way ‘related to the representation or arising therefrom’ ” (Maj. Op. ¶ 36) and holds that the trial court erred in denying partial summary judgment to Reed on Sam’s breach of fiduciary duty claim. Because this is a question for the jury, I must dissent in part.
¶ 69. This Court has said, “[wjithout doubt, a lawyer has a duty to inform his client of all matters of reasonable importance related to the representation or arising therefrom. This includes advice regarding matters the client may reasonably see as presenting conflicts of interest” Id. at 827 (citing Restatement (Third) of the Law Governing Lawyers § 31 (Tentative Draft No. 5 (1992)) (emphasis added)). We have further held that the duty of loyalty includes the duty to “avoid conflicting interests that might impair the representation.” Id. at 823 (emphasis added).
¶ 70. It is reasonable that Sam may have seen his lawyer’s adulterous affair with his then-wife as presenting a conflict of interest to Reed’s representation of him. Genuine issues of material fact exist, therefore, on the issue of whether the affair between Reed and Rebecca constituted a breach of the fiduciary duties Reed owed to Sam. Thus, the trial court properly denied Reed’s motion for partial summary judgment as to this issue. This Court has recently stated, “[ojrdinary jurors possess the requisite knowledge and lay expertise to determine if an adulterous affair between an attorney and his client’s wife is a breach of a duty owed by an attorney to his client.” Pierce v. Cook, 992 So.2d 612, 618 (Miss.2008). This issue should be left to such jurors.
¶ 71. I concur with the majority on all other issues. However, for the foregoing reasons, I would remand the issue of whether Reed’s adulterous affair with Rebecca constituted a breach of the fiduciary duties he owed Sam, and must dissent from the majority opinion on that issue.